Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
555 Capitol Mall Suite 750
Sacramento, CA 95814-4508
Phone: (916) 333-2222
Email: legal@rickmorin.net

Attorneys for Plaintiff Richard Marino Jr.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Marino, Jr.,<br><br>    Plaintiff,<br>v.<br><br>LBC Mundial Corporation, and LBC Holdings USA Corporation,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Richard Marino, Jr. ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendants LBC Mundial Corporation and LBC Holdings USA Corporation for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability, denying Plaintiff access to the services they provide to the general public.

## PARTIES

1. Plaintiff is a natural person and an adult resident of Solano County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

2. Defendant LBC Mundial Corporation ("LBC Mundial") is a California corporation with its principal place of business at 3563 Investment Blvd., Suite 3, Hayward, California 94545.

3. Defendant LBC Holdings USA Corporation ("LBC Holdings") is a California corporation with its principal place of business at 3563 Investment Blvd., STE 3, Hayward, California

94545. LBC Mundial and LBC Holdings are collectively referred to herein as "Defendants".

4. There is a unity of interest and ownership among Defendants, or one Defendant is the mere instrumentality of the other or vice versa, to such an extent that the separate personalities between the Defendants do not really exist, and an inequitable result will occur if the acts in question are treated as solely of one entity alone.

5. At all times relevant to this complaint, Defendants owned and operated the business known as LBC Express located at 6189 Mission Street in Daly City, California ("Business"). Defendants offer their services provided at the Business to the general public.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

7. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Business is in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Plaintiff suffers from Parkinson's disease. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities, including preventing Plaintiff from being able to write.

10. On or about December 15, 2021, Plaintiff visited the Business to send a package to his family for the Christmas holiday.

11. At the Business, an employee asked Plaintiff to fill out a form that was apparently necessary for the Business to send Plaintiff's package.

12. Plaintiff informed the employee that he was disabled and could not write. Plaintiff requested assistance in filling out the form.

13. The employee failed to accommodate Plaintiff disability, refusing to assist Plaintiff in filing out the necessary form.

14. Even though he is not required to, Plaintiff provided proof of his disability to the employee. Plaintiff emphasized to the employee that he could not write, so he could not fill out the form himself. The employee still refused to assist him.

15. Plaintiff then requested the employee contact her supervisor to see if she could accommodate Plaintiff, so Plaintiff could send the package to his family for Christmas.

16. After the employee called her supervisor, the employee confirmed that the Business would not accommodate Plaintiff's disability and would not assist him in filling out the form.

17. Because Plaintiff could not fill out the form, the Business would not send his Christmas package.

18. Plaintiff left the Business without sending the package to his family because Defendants' employee refused to assist Plaintiff with the necessary form and refused to proceed with the transaction without Plaintiff filling out the form.

19. Defendants' conduct interfered with Plaintiff's access to the services at the Business, causing Plaintiff difficulty, discomfort, and embarrassment. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

20. Plaintiff is upset that he was unable to send his Christmas package to his family at the Business.

21. Plaintiff wishes to return to the Business but only after Defendants have implemented proper policies and training of their staff to accommodate his disability. Plaintiff is deterred from returning to the Business until these policies and trainings are in place.

**FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

22. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

23. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

24. The Business is a public accommodation.

25. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

26. Defendants have a policy that restricts and denies access to patrons who are unable to write without assistance.

27. Defendants provide package delivery service to customers, and Defendants apparently require a form to be filled out by the shipper, which Plaintiff was unable to fill out because of his disability.

28. Defendants denied Plaintiff the ability to use the Business' services because of his status as a disabled person who, because of his disability, is unable to write.

29. Moreover, Defendants outright refused to make reasonable accommodations for Plaintiff and assist him with the necessary forms, even after Plaintiff informed Defendants of his disability and the limitation it causes him.

30. Defendants' specific refusal to allow Plaintiff to send his package without filling out a form that he was unable to fill out because of his disability, and that Defendants refused to assist him with, denied Plaintiff a public accommodation due to Plaintiff's disability.

31. Defendants made the decision to knowingly and willfully exclude Plaintiff from their public accommodation and thereby deny Plaintiff his right to use the services of the business that are provided to the general public.

32. As a result of Defendants' decision to deny Plaintiff access to their services, Plaintiff has faced continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect

of unpleasant and discriminatory treatment should he attempt to return to the Business.

33. It is readily achievable for Defendants' employees to assist Plaintiff with filling out a form.

34. Defendants do not have any legitimate business justification to excuse their specific denial of Plaintiff's request that they send his package or for assistance with filling out his form.

35. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Business, in light of Defendants' policy barriers.

36. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendants' inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

Against all Defendants

37. Plaintiff incorporates all prior paragraphs as if fully stated herein.

38. The Business is a public accommodation, as defined by the California Disabled Persons Act, that Defendants own and operate.

39. Defendants denied and interfered with Plaintiff's ability to access the Business and the services the Business provides by refusing to send his package without having a formed filled out and refusing to assist Plaintiff with filling out the form, even after he informed him of his inability to do so by himself because of his disability.

40. Plaintiff prays for injunctive relief that prohibit the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the assistance with writing.

41. Plaintiff wishes to return to patronize the Business but is deterred from returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize the Business and is deterred from further patronage until the Business is made properly accessible.

42. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendants' inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

43. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.

44. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning and operating the Business, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 an 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as hereinafter stated. Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because

of the policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities and services on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize the Business and will continue to cause him damages each day these barriers to access and policy barriers continue to be present.

45. Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3. At all times herein mentioned, Defendants were fully aware that significant numbers of potential users of the public facilities were, are, and will be physically disabled persons, including individuals who require assistance with writing, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities. Despite this knowledge, Defendants installed and maintained the policy barriers complained of, and failed to remove these barriers, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law. Plaintiff believes Defendants have ignored complaints about the lack of proper disabled access by other disabled persons. Defendants have continued their illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Business and encounter illegal policy barriers which deny them full and equal access when they do so.

46. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their practices at the Business violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendants have failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

47. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendants' behavior was intentional. Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies against physically disabled persons, prior to the filing of this complaint. Defendants' establishment of their discriminatory policy to deny services and assistance to disabled persons who cannot write because of their disability, and their implementation of such a

discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety. It was particularly unreasonable and cruel to deny service when Plaintiff was attempting to send a package where time was of the essence given the approaching Christmas holiday.

48. As a result of Defendants' conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

49. Plaintiff suffered damages as above described as a result of Defendants' violations. Damages are ongoing based on his deterrence from returning to the Business.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

50. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

51. As described above, Defendants discriminated against Plaintiff. Defendants refused to provide their services to Plaintiff and refused to make accommodations for him.

52. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

53. Defendants' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

54. Plaintiff's disability was a substantial motivating reason for Defendants' discrimination against Plaintiff.

55. Plaintiff was harmed.

56. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

57. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

58. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

59. Although the plaintiff encountered frustration and difficulty by facing discrimination, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: December 30, 2021                             Law Office of Rick Morin, PC

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff